IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOE HAND PROMOTIONS, INC.,

    *Plaintiff,*

vs.

    Case No. 22-01011-EFM-RES

POLO BAR & GRILL, INC., et al.,

    *Defendants.*

**MEMORANDUM AND ORDER**

Plaintiff Joe Hand Promotions, Inc., brings this action claiming Defendants Polo Bar & Grill, Inc., and Jason Spencer violated the Federal Communications Act, 47 U.S.C. §§ 553 and 605, by broadcasting two fights without paying the requisite sublicensing fee. Specifically, Plaintiff alleges that Defendants unlawfully intercepted and showed (1) the Ultimate Fighting Championship 246: McGregor v. Cerrone broadcast on January 18, 2020, and (2) the Ultimate Fighting Championship 251: Usman v. Masvidal broadcast on July 12, 2020 (the "Events"). Plaintiff served Defendants with summons and the Complaint, but Defendants never filed an answer. The Clerk of the Court entered default against Defendants on March 2, 2022. This matter comes before the Court on Plaintiff's Motion for Default Judgment (Doc. 12). Defendants did not file a response.

Because the Clerk has entered default, Plaintiff's factual allegations in the Complaint are deemed admitted.[1] The Court has reviewed the factual allegations and is satisfied they establish the elements for liability under 47 U.S.C. §§ 553 and 605. Plaintiff, however, can only recover damages under one of these statutes.[2] In this case, Plaintiff has elected to recover damages under § 605.

Under § 605, a plaintiff may elect to recover either actual damages or statutory damages "in a sum of not less than $1,000 or more than $10,000, as the court considers just," for each violation.[3] Section 605 does not define the term "violation," but "courts have generally interpreted the showing of a single event on a single night as one violation."[4] Additionally, if the violation was committed "willfully and for purposes of direct or indirect commercial advantage or private financial gain," the Court may award enhanced statutory damages in an amount not to exceed $100,000.[5] Here, Plaintiff seeks the $10,000 in statutory damages and $100,000 in enhanced damages.[6]

In calculating statutory damages under § 605, courts have applied different methods including (1) calculating a flat sum, (2) awarding the license fee that the defendant would have paid to purchase the event, or (3) multiplying the number of patrons in the establishment by a

---

[1] *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1125 (10th Cir. 2003).

[2] *Joe Hand Promotions, Inc. v. Tribelhorne*, 2011 WL 2848288, at *1 (D. Kan. 2011) (collecting cases).

[3] 47 U.S.C. § 605(e)(3)(C)(i)-(ii).

[4] *Joe Hand Promotions, Inc. v. Benitez*, 2020 WL 5519200, at *6 (E.D.N.Y. 2020) (quoting *Joe Hand Promotions, Inc. v. Kings Point Rest. Inc.*, 2017 WL 6611705, at *4 (E.D.N.Y. 2017)).

[5] *Id*. § 605(e)(3)(C)(ii).

[6] The Court presumes that Plaintiff is seeking $10,000 in statutory damages and $100,000 in enhanced statutory damages for both Events.

number set by the court.[7] Here, the Court must employ the first method—calculating a flat sum—because Plaintiff failed to attach to its motion any evidence concerning the license fee Defendants would have been required to pay, the size of Defendants' establishment, or the number of people who viewed the Events. Because of this lack of evidence, the Court will award the minimum statutory damage amount of $,1000 per violation, or $2,000 total.

The Court also concludes that enhanced damages are warranted in this case because Plaintiff has established that Defendants broadcast the Events without authorization to receive a commercial gain. Willfulness can be established simply by the broadcast of an event without authorization.[8] In determining the enhanced damages amount, court have looked at the following factors: "(1) repeated violations over an extended period of time; (2) substantial unlawful monetary gains; (3) advertising of the broadcast; (4) charging of a cover charge or premiums for food and drinks; or (5) [the] plaintiff's significant actual damages."[9] Here, Plaintiff has shown that Defendants committed two acts of piracy and advertised the events on their Facebook page. There is no evidence, however, that Defendants received a cover charge, charged a premium for food and drinks, or received a substantial unlawful monetary gain. As a result, the Court finds that $2,000 per violation, or $4,000 total, in enhanced damages is sufficient to punish Defendants for their illegal conduct and deter future violations of § 605.

---

[7] *Tribelhorne*, 2011 WL 2848288, at *2 (citing *Zuffa, LLC v. Al-Shaikh*, 2011 WL 1539878, at *7 (S.D. Ala. 2011)).

[8] *Benitez*, 2020 WL 5519200, at *6 (citations omitted).

[9] *Tribelhorne*, 2011 WL 2848288, at *2 (citing *Al-Shaikh*, 2011 WL 1539878, at *8); *Benitez*, 2020 WL 5519200, at *6 (citations omitted); *see also G&G Closed Circuit Events, LLC v. Olmos*, 2020 WL 3474194, at *2 (N.D. Okla. 2020) (awarding $5,000 in enhanced damages after finding that the defendants exhibited the pirated program on three televisions to seven customers, did not charge a cover fee, and did not advertise the program).

Finally, Plaintiff is entitled to recover full costs, including attorney's fees.[10] Plaintiff has provided the Court with a Declaration from its counsel stating that its costs total $1,902. The Court finds this amount to be reasonable and appropriate.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Default Judgment (Doc. 12) is **GRANTED IN PART AND DENIED IN PART**. The Court directs the Clerk to enter judgment for Plaintiff against Defendants Polo Bar & Grill, Inc., and Jason Spencer as follows: (1) $2,000 in statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II); (2) $4,000 in enhanced statutory damages pursuant to 47 U.S.C. § 605(e)(3)(C)(ii); and (3) costs and attorney's fees of $1,902 pursuant to 47 U.S.C. § 605(e)(3)(B)(iii). The Court also awards Plaintiff post-judgment interest on the amounts awarded herein at the statutory rate from the date of this Judgment until paid.

**IT IS SO ORDERED**.

Dated this 24th day of March, 2022.

This case is closed.

*[signature]*

ERIC F. MELGREN
CHIEF U.S. DISTRICT JUDGE

---

[10] 47 U.S.C. § 605(e)(3)(B)(iii).